Whatever may have been the practice, I cannot say, not having attended to it in this particular. Sometimes a practice may prevail for a length of time, upon the strength of a precedent passing *Page 121 sub silentio, which, when it comes to be examined, may be found very erroneous. Where an appeal is taken, both the appellant and appellee have the first day of the next term of the Superior Court given to them for their appearance in court, and by that means they are both in court that day — the appellee to move for the affirmance of judgment and the appellant to defend himself against the motion by showing any good cause he may have against it, as payment, release, or the like, since the appeal taken. The act of 1777, ch. 2, sec. 84, directs that the appeal shall be brought up fifteen days before the sitting of the term, for this reason, principally, that the appellee may have sufficient time, after knowing the appeal is intended to be prosecuted by its being filed in the office for that purpose, to prepare himself for the trial, or, if not filed, then to procure from the clerk of the county court a transcript of the record, and thereupon move for the affirmance. But if the first term of the Superior Court passes without any such motion for the affirmance, and without putting the case on the records of this Court, and continuing it to the next term, the parties are both out of court; and one of them cannot move against the other without bringing him into court again by some new process. 7 Rep., 30a. It would be productive of great mischief could the appellee at any distance of time, in the absence of the appellant, be at liberty to take a judgment against him upon a mere motion to the court. By such means a judgment might be entered against a man upon an old dormant county court verdict, after he had moved out of the county, and perhaps satisfied the demand; or when the plaintiff had discovered his evidence were lost, and all the property he had here be swept away, before he could have the least intimation of it. I am very clear, if the practice spoken of has prevailed, that it is repugnant to an universal principle of law and justice, that no man shall be condemnedex parte or unheard, as well as to the true meaning of the act. Therefore, I cannot yield my consent to the motion; but I am willing you should take a middle way — you may give notice to the (173) appellant of the intended motion for affirmance to be made at the next term, and at the next term prove the service of this notice by affidavit filed in court, and then renew your motion, and the Court will then consider it. You may have a rule entered for this purpose.
Rule entered accordingly.
See Brickell v. Bass, ante, 137. *Page 122